

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CURTIS F. PERRY, | Case No.: 24-bk-461 |
| Debtor. | Chapter 7 |
| | |
| AARON AMORE, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-ap-5 |
| CURTIS F. PERRY and | |
| RHONDA S. KOLBERG, | |
| Defendants. | |

### MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss. On September 29, 2025, Curtis F. Perry ("Mr. Perry") filed a motion under Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr. P. 7012(b), seeking dismissal of Aaron C. Amore's ("Trustee") Amended Complaint against him.[1] Trustee asserts claims under 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment. Specifically, Mr. Perry contends that: (1) no cause of action exists under 11 U.S.C. § 550(a) because Mr. Perry is not a transferee of an alleged preferential or fraudulent transfer; (2) Trustee's civil conspiracy claim is barred by the discharge injunction; (3) Trustee's fraud claim is barred by the discharge injunction; and (4) Trustee has no standing to assert the unjust enrichment claim. Trustee opposes the Motion to Dismiss, asserting that the Amended Complaint alleges sufficient

---

[1] Notably, only Mr. Perry seeks dismissal. The Court's ruling on this Motion to Dismiss does not extend to Ms. Kolberg. Accordingly, the Court's ruling addresses Mr. Perry alone.

facts to state plausible claims for relief under: (1) 11 U.S.C. § 550(a) for recovery of fraudulent and preferential transfers; (2) civil conspiracy; (3) fraud; and (4) unjust enrichment.

For the reasons stated herein, the Court will grant Mr. Perry's Motion to Dismiss, in part, and hold the remaining counts in abeyance pending resolution of the related adversary proceeding [3:25-ap-00020] regarding revocation of Mr. Perry's discharge.

## I.   STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that Plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to Plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of Plaintiff. 5C Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

## II.   BACKGROUND

On September 18, 2024, Mr. Perry filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, along with the required Schedules and Statement of Financial Affairs. Aaron C. Amore was appointed as the Trustee. A meeting of creditors, pursuant to 11 U.S.C. § 341 (the "341 Meeting"), initially scheduled for October 17, 2024, was held on November 14, 2024. At the 341 Meeting, Mr. Perry testified that his Schedules were complete and accurate. Mr. Perry further testified that he had not transferred or given anything of value greater than $1,000 to any person in the two years preceding the petition date.

On Schedule A, Mr. Perry listed a ½ interest, as joint tenant, in a modular home (the "Mobile Home"), assigning a value of $25,000.00 to his share. On Schedule D, Mr. Perry listed Rhonda Kolberg as a secured creditor with a $25,000.00 claim secured by the Mobile Home.

According to Mr. Perry's testimony at the 341 Meeting, Ms. Kolberg obtained a $50,000.00 loan for the purchase of the Mobile Home. Mr. Perry testified that on September 17, 2024, he and Ms. Kolberg executed a promissory note (the "Kolberg Note") at his bankruptcy counsel's office as part of a plan for him to file bankruptcy and for Ms. Kolberg to appear as a secured creditor in the amount of $25,000.00. Under the Kolberg Note, he agreed to pay her $500.00 per month towards his half interest in the Mobile Home. He further testified that, to the best of his knowledge, the note was never recorded. As of January 31, 2025, according to Mr. Perry, he paid Ms. Kolberg approximately $10,200.00 towards the Kolberg Note but ceased making payments approximately one month before the 341 Meeting.

At the 341 Meeting, Mr. Perry testified that he believed there was a lot lease associated with the property. However, he failed to disclose the lease as an asset in Schedule A/B or G, nor did he state an intention for the lease in his Statement of Intention. Following discharge, the United States Trustee ("UST") became aware that Mr. Perry and Ms. Kolberg were also joint assignees of a "Proprietary Lease" for real property at 5316 53rd Avenue E #F-4, Bradenton, Florida 34203, upon which the Mobile Home sits. On September 17, 2024, one day before the petition date, Mr. Perry executed a quitclaim deed transferring his interest in the lot lease to Theodore Christoper Sheffield. Although the deed states that it was effective as of September 17, 2024, it was signed, witnessed, notarized, and filed on September 19, 2024. Mr. Perry did not disclose this transfer in his Statement of Financial Affairs.

On January 20, 2025, Mr. Perry sent Ms. Kolberg a text message, which she forwarded to her attorney and subsequently to the Trustee:

> Rhonda I'm here in Florida at the trailer to collect my things. Please let your family know because they will see things missing. It will probably take two days to pack as much as I can in my van. Your dad or Jonny pack my things very neatly. It's very appreciated. I promise I will leave things very neat also. I have a lot of stuff. I will have to return home and use the airline to return to Florida and get a uhaul to get cabinets, washer and everything else. As much as I love you I just can't give you what I paid for any more. There's $25,000 in the kitchen. If you want the stuff let me know. Tell me something that's fair. Silence means no.

Since the text message, Mr. Perry has admitted to spending $25,000.00 on improvements and produced photographs of the renovated kitchen. Mr. Perry allegedly did not account for these improvements in his Schedules.

3

Lastly, following discharge, UST became aware of Mr. Perry's joint ownership interest in a 2019 Coach Freedom Express Trailer (the "Coachman"), which remains titled in both his and Ms. Kolberg's names. The registration was renewed in November 2024. Mr. Perry failed to disclose this interest in his Schedules.

On December 17, 2024, Mr. Perry received a Chapter 7 discharge after the time expired for interested parties to object. On February 17, 2025, Trustee initiated this adversary proceeding through his Complaint seeking to avoid Mr. Perry's fraudulent and preferential transfers under 11 U.S.C. § 544(b), 548, and 547(b), recovery of fraudulent and preferential transfers under 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment against Mr. Perry and Mr. Sheffield. On April 23, 2025, this Court entered Stipulated Order Voiding Assignment of Lease Interest of Debtor, resolving the claims against Mr. Sheffield. On May 13, 2025, Trustee filed his Amended Complaint seeking recovery of fraudulent and preferential transfers under 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment against Mr. Perry and Ms. Kolberg.

### III.    DISCUSSION

Mr. Perry filed the pending Motion to Dismiss alleging Trustee's Amended Complaint fails to allege sufficient facts that, if construed in a light most favorable to Trustee, plausibly establish relief under 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment. Specifically Mr. Perry contends that: (1) Trustee fails to allege a claim under 11 U.S.C. § 550(a) because Mr. Perry is not a transferee of any avoidable transfer; (2) Trustee fails to allege a claim for civil conspiracy because the discharge injunction prohibits Trustee from bringing such a claim; (3) Trustee fails to allege a claim for fraud because the discharge injunction prohibits Trustee from bringing such a claim; and (4) Trustee does not have standing to assert the unjust enrichment claim.

Trustee opposes the Motion to Dismiss, arguing the Amended Complaint pleads sufficient facts to establish plausible claims for recovering an avoidable transfer under 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment. Specifically, Trustee contends that: (1) Trustee's 11 U.S.C. § 550(a) claim is sufficiently pled because Mr. Perry is a transferee of avoidable property; (2) Trustee's civil conspiracy claim is sufficiently pled because Mr. Perry's discharge is the subject of a related adversary proceeding pending before this Court; (3) Trustee's fraud claim is sufficiently pled because Mr. Perry's discharge is the subject of a related adversary proceeding pending for this Court; and (4) Trustee's unjust enrichment claim is sufficiently pled because Mr.

Perry is unjustly enriched by receiving discharge of debts incurred to purchase personal property and improve the Mobile Home.

In the context of a motion to dismiss, the Court's role is not to determine whether Trustee will ultimately prevail, but whether the Amended Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To survive the dismissal, Trustee must have pled factual content which, if true, support a reasonable inference that satisfy the elements of 11 U.S.C. § 550(a), civil conspiracy, fraud, and unjust enrichment. The Court's inquiry is limited to whether the allegations to each of these counts were sufficiently described in detail within the Amended Complaint.

Here, Trustee's Amended Complaint does not allege enough facts to plausibly state a claim under 11 U.S.C. § 550(a) because Mr. Perry is a transferor, not a transferee, of the property at issue. Trustee's Amended Complaint does not allege enough facts to plausibly state a claim under a theory of unjust enrichment because Trustee does not have standing to assert such a claim. Lastly, Trustee's civil conspiracy and fraud claims against Mr. Perry will be held in abeyance pending resolution of the related adversary proceeding [3:25-ap-00020] also before this Court.

**A. Trustee has not sufficiently alleged that he can recover from Mr. Perry the value of the property transferred under 11 U.S.C. § 550(a).**

Pursuant to 11 U.S.C. § 550(a) of the Bankruptcy Code:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from— (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). Under 11 U.S.C. § 550(a)(1) and (2), a trustee may recover from the initial transferee, the entity for whose benefit such transfer was made, or subsequent transferee. "A debtor in a chapter 7 case who makes a transfer in order to remove the object of the transfer from creditors' reach is not an entity for whose benefit an avoidable transfer was made and therefore the estate may not recover the avoided transfer from such debtor under § 550(a)(1)." 5 Collier on Bankruptcy P 550.02 (16th 2025). "A debtor cannot simultaneously be both a transferor of a fraudulent transfer

and a person for whose benefit the fraudulent transfer was made." *Id.* Additionally, recovery under § 550(a) is contingent upon a successful avoidance action. *Id.*

Here, Trustee has not alleged sufficient facts that he can recover from Mr. Perry under § 550(a) because Mr. Perry is the transferor, not the transferee, of the property at issue. The Trustee alleges that Mr. Perry purchased appliances, fixtures, and personal property from his creditors prior to his bankruptcy filing and installed these items on real property that he owned or controlled. These allegations, accepted as true, establish that Mr. Perry is not the transferee or the entity for whose benefit the transfer was made because the "transfer" occurred when Mr. Perry used his own funds or credit to acquire and install those goods to his real property. Under Trustee's theory that Mr. Perry is the transferee, Mr. Perry would be treated as transferring the property to himself. However, under § 550(a), Mr. Perry cannot simultaneously be both the transferor and transferee. Moreover, Trustee has not alleged, nor has the court found, that a transfer has been avoided under any of the code sections enumerated in § 550(a). Section 550(a) does not provide a basis for recovery without a successful avoidance action. Therefore, if accepted as true, Trustee has not sufficiently alleged that he may recover the value of the transferred property from the Mr. Perry under § 550(a), and the claim must be dismissed

### B. Trustee does not have standing to bring the unjust enrichment claim against Mr. Perry.

Under 11 U.S.C. § 544(b), the Trustee has the status of a hypothetical creditor, as of the petition date, to avoid any transfer or obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. 11 U.S.C. § 544; *Vieira v. Gaither (In re Gaither)*, 595 B.R. 201, 206 (Bankr. D.S.C. 2018). "Where a trustee asserts the rights of any one creditor, the trustee does so not only for the benefit of that single creditor, but for the benefit of all creditors." *Id*. Here, Trustee does not have standing to allege unjust enrichment because § 544(b) only allows avoidance of a "transfer or obligation incurred by the debtor." Mr. Perry did not receive a transfer within the meaning of the statute because Mr. Perry obtained the property used to improve the Mobile Home using his own credit. Further, Mr. Perry cannot be unjustly enriched by a transfer to himself. Because § 544(b) only applies to transfers from the debtor, not transfers to a debtor, this section does not give Trustee the ability to assert an unjust enrichment claim against Mr. Perry.

Even if Trustee had standing to bring an unjust enrichment claim under § 544(b), Trustee's recovery would still be limited by § 550(a), which governs recovery after a successful avoidance action. As previously explained, § 550(a)(1) and (2) allows the trustee to recover transferred property or the value of transferred property from a transferee of the avoided transfer or from the entity for whose benefit such transfer was made. 5 Collier on Bankruptcy P 550.02 (16th 2025). Importantly, a debtor cannot be both a transferor and transferee of the same transaction. Here, Mr. Perry is the debtor and transferor and cannot be the transferee of the property at issue. Accordingly, if the Court were to accept all factual allegations as true, Trustee lacks standing under § 550(a) because Perry is not a transferee from whom recovery can be made. Therefore, the Trustee lacks standing to assert unjust enrichment under 11 U.S.C. § 544(b) and 550(a), and the claim must be dismissed.

### C. This Court holds its ruling on Trustee's fraud and civil conspiracy claim in abeyance pending its disposition of the revocation of discharge adversary proceeding before this Court.

Section 524(a)(1) of the Bankruptcy Code provides a discharge "voids any judgment, at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under § 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1); *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777. 781 (B.A.P. 9th Cir. 1999). Additionally, § 524 establishes that a discharge functions as an injunction, prohibiting the commencement or continuation of any action to collect a discharged debt as personal liability of the debtor. *Id.*

Here, Trustee's fraud and civil conspiracy claims against Mr. Perry are not ripe because their viability depends on the outcome of Mr. Perry's bankruptcy discharge in the related adversary proceeding. If Mr. Perry's discharge remains in place, Trustee may be barred from pursuing the claims under § 524. Conversely, if the discharge is revoked, Trustee may be permitted to pursue the claims. The pending adversary proceeding is therefore determinative of whether these causes of action can proceed. Because the question of discharge remains before the Court, these claims are not yet ripe for adjudication. Therefore, the Court will hold its ruling on Counts II and III in abeyance pending final resolution of the adversary proceeding concerning revocation of discharge .

## IV.    CONCLUSION

For the foregoing reasons, the Court finds it appropriate to grant, in part, Mr. Perry's Motion to Dismiss and hold the remaining counts in abeyance pending the outcome of the related adversary proceeding.  Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.